JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| LIZETH VAZQUEZ, | Case No. 5:19-01923 ADS |
|---|---|
| Plaintiff, | |
| v. | ORDER DISMISSING CASE |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

## I. **INTRODUCTION**

On October 8, 2019, Plaintiff filed this civil lawsuit seeking review of a decision of the Commissioner of the Social Security. [Docket ("Dkt.") No. 1]. On October 15, 2019, a Case Management Order was issued, which required the parties take certain actions to prosecute the case within specific time periods. [Dkt. No. 9]. Accordingly, on February 27, 2020, Defendant filed an Answer and served Plaintiff with a copy of the Certified Administrative Record ("CAR"). [Dkt. Nos. 13, 14].

Pursuant to the Case Management Order, Plaintiff's portion of the Joint Submission was due to be served on Defendant by April 2, 2020 (within 35 days from

filing of the Answer).  Plaintiff filed two Stipulations for an Extension of Time to File Joint Stipulation, both of which were granted.  [Dkt. Nos. 18, 22].  Pursuant to the Second Order Extending Briefing Schedule, Plaintiff was given until July 15, 2020 to prepare and forward Plaintiff's portion of the Joint Submission to Defendant.  [Dkt. No. 22].  On September 10, 2020, Defendant filed a Notice of Non-Receipt advising the Court that it had not yet received Plaintiff's portion of the Joint Submission, which was due to be filed with the Court by no later than September 9, 2020.  [Dkt. No. 23].  Defendant's counsel also advised the Court that she had emailed Plaintiff's counsel regarding the failure to serve Plaintiff's portion of the Joint Submission on August 31, 2020 and received no response.  Id.

On September 24, 2020, Plaintiff was ordered to show cause ("OSC") why this case should not be dismissed for failure to prosecute and obey Court orders as a result of Plaintiff's failure to send Defendant her portion of the Joint Submission by the dates required in the Court's Case Management Order, and later extended twice at the request of Plaintiff.  [Dkt. No. 24].  On October 8, 2020, Plaintiff came into compliance with this Court's OSC when she filed a Reply to OSC.  [Dkt. No. 25].

On October 9, 2020, the Court's vacated the OSC of September 24, 2020.  [Dkt. No. 26].  The Court's Order also stated:

> Plaintiff's Reply states that her portion of the joint submission can be presented to Defendant by October 19, 2020.  To prevent any further delay of this action, Plaintiff is hereby ordered to serve Defendant with her portion of the joint submission by October 19, 2020 and to also **file with the Court her portion of the joint submission by October 19, 2020.**  Failure to serve and file Plaintiff's portion of the joint submission by October 19, 2020, will result in the Court recommending that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

[Dkt. No. 26, emphasis in original].

On October 23, 2020, the Court issued another OSC, upon Plaintiff's failure to have filed her portion of the Joint Submission by the due date. [Dkt. No. 27]. Plaintiff was ordered to show cause in writing why this case should not be dismissed for failure to prosecute and obey Court orders by no later than November 6, 2020. [Id.]. Defendant was also asked to advise the Court if it had been served with Plaintiff's portion of the Joint Submission.

Finally, on December 3, 2020, the Court issued a Notice of Intention to Dismiss. [Dkt. No. 28]. The Court noted that, to date, Plaintiff has failed to file her portion of the Joint Submission, Defendant has not advised the Court that it has received this submission, and Plaintiff has failed to respond to the Court's October 23 OSC. [Id.]. The Court's December 3, 2020 Order further stated:

> The Court's October 23 OSC advised Plaintiff: "**Failure to timely file the responses to this OSC with the Court, as directed above, may result in this action being dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b)."** [Dkt. No. 27].
>
> Plaintiff is advised that the Court intends to dismiss this case in ten days, on December 14, 2020 for failure to prosecute and obey Court orders, unless curative action is immediately undertaken.

[Id., emphasis in original].

Plaintiff has failed to file any response to the Court's Orders or serve or file her portion of the Joint Submission.

## II.  FAILURE TO PROSECUTE AND OBEY COURT ORDERS

Plaintiff has failed to prosecute this action. Her failure to respond to the Court's Orders and to serve and file her portion of the Joint Submission evidences a lack of prosecution of the case. The Court has the power to dismiss with prejudice an action for a plaintiff's failure to prosecute. See Link v. Wabash R.R., 370 U.S. 626, 629–30 (1962)

("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); see also Fed. R. Civ. P. 41(b).

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination of whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1440.

Upon consideration of the five Carey factors, the Court finds that Plaintiff's failure to prosecute her case and failure to comply with the Court's Orders warrant dismissal. The first two Carey factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting Plaintiff's response to the Court's directive. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, Plaintiff has already been cautioned of the consequences of her failure to prosecute and ordered to show cause why the action should not be dismissed. Plaintiff has been afforded the opportunity to do so yet has not responded. No sanction lesser than dismissal is feasible here. Thus, dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b).

## III. CONCLUSION

IT IS THEREFORE ORDERED that this action be summarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: December 16, 2020

                /s/ Autumn D. Spaeth
             THE HONORABLE AUTUMN D. SPAETH
             United States Magistrate Judge